UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS GIBBS,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-2432** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN FCI SCHUYLKILL,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' decision to deny petitioner credit towards his sentence for completion of the BOP's Residential Drug Abuse Program ("RDAP"). The petition will be denied.

## I. Background

Petitioner, Marcus Gibbs, is incarcerated in Schuylkill Federal Correctional Institution ("FCI-Schuylkill") serving a federal criminal conviction for unlawful possession of a firearm in violation of 18 U.S.C. §922(g). He filed this case on September 14, 2026. (Doc. 1). Gibbs asserts that he is enrolled in the RDAP, but that the BOP has told him that he will not obtain credit for completion of the program because his Section 922(g) conviction renders him ineligible for RDAP credit under BOP regulations. (*Id.*) He seeks a writ

of habeas corpus compelling the BOP to provide him with credit towards his sentence if he successfully completes the RDAP. (*Id.*) Gibbs Filed an amended petition on February 18, 2026, which does not alter the substance of his claims. (Doc. 8).

Respondents responded to the petition on April 16, 2026, arguing that the petition should be dismissed because Gibbs failed to exhaust administrative remedies and because the court lacks jurisdiction to grant habeas corpus relief for completion of the RDAP. (Doc. 15). In the alternative, respondent argues that the petition should be denied on its merits. (*Id.*) Gibbs filed a reply brief on May 18, 2026, making the petition ripe for review. (Doc. 16).

## II. DISCUSSION

An inmate's sentence "may be reduced by the Bureau of Prisons," for up to one year if he completes the RDAP. 18 U.S.C. §3621(e)(2)(B). The BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP. *See* 28 C.F.R. §550.55. Among other classes, inmates who have been convicted of a '[a]n offense that involved the carrying, possession, or use of a firearm" are precluded from receiving an RDAP sentence reduction. *Id.* §550.55(b)(5)(ii). Gibbs argues that this regulation is invalid. (Doc. 8).

Respondent contends that this court lacks jurisdiction over the petition and that the petition otherwise fails on its merits. (Doc. 15).

The court will first address respondent's jurisdictional argument, which argues that the petition does not present a cognizable claim because decisions whether to place an inmate in the RDAP and whether to grant a sentence reduction for completion of the RDAP are left to the BOP's discretion. (Doc. 15 at 9-12).

The court finds that the jurisdictional argument is controlled by *Lopez v. Davis*, 531 U.S. 230 (2001). The court construes Gibbs's petition not as challenging the BOP's discretionary decision whether to place him in RDAP or award an RDAP sentence reduction, but rather as challenging the limits of the BOP's discretion. Specifically, petitioner argues that the BOP does not have discretion to categorically deny RDAP sentence reductions to inmates. (Doc. 1). *Lopez* concerns an essentially identical challenge to the limits of the BOP's discretion. *Lopez*, 531 U.S. at 238 ("The question we address is whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm."). *Lopez* does not specifically address whether a challenge to the BOP's RDAP discretion is a cognizable habeas claim, but the Court's

analysis of the claim on the merits supports the conclusion that such a claim is cognizable.

Although *Lopez* compels the conclusion that Gibbs's habeas claim is cognizable, it also compels denial of the claim on its merits. In *Lopez*, the Court considered a challenge to an earlier version of the BOP regulation at issue in this case. *Lopez*, 531 U.S. at 233. The language of the earlier version differed from the current version in some respects, but the operative language barring inmates convicted of a crime involving "the carrying, possession, or use of a firearm" from receiving an RDAP sentence reduction remained the same. *Id.* The Court held that the BOP's discretion to decide whether an inmate's sentence should be reduced for successful completion of the RDAP allows the BOP to categorically exclude certain classes of inmates from receiving RDAP sentence reductions. *Lopez*, 531 U.S. at 243-44 ("'Even if a statutory scheme requires individualized determinations,' which this scheme does not, 'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" (cleaned up) (quoting *Am. Hosp. Ass'n v. NLRB*, 499 U.S. 606, 612 (1991))). The Court then upheld the BOP's categorical denial of RDAP sentence credits to inmates convicted of crimes involving firearms as a reasonable use of its discretion

under 18 U.S.C. §3621 and accordingly denied the petitioner's challenge to the regulation. *Lopez* thus compels this court to deny Gibbs's petition because it upholds the validity of an earlier regulation that is identical in all relevant respects to the regulation Gibbs challenges.

Gibbs argues to the contrary that the BOP's regulation is based on an impermissible construction of his conviction for unlawful possession of a firearm as a crime of violence. (Doc. 8). This is incorrect. As *Lopez* explained, the 1995 version of the relevant regulation enumerated certain crimes that barred inmates from receiving RDAP sentence reductions because they qualified as "crimes of violence," but in 1997 the BOP amended its regulatory structure to instead "rel[y] upon the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude enumerated categories of inmates." *Lopez*, 531 U.S. at 233-34. The present regulation similarly denies RDAP credit to inmates convicted of crimes involving firearms not because they are "crimes of violence," but simply as an exercise of the discretion granted to the BOP by Section 3621. *See* 28 C.F.R. 550.55. *Lopez* allows this use of discretion. 531 U.S. at 244. Accordingly, Gibbs's petition must be denied on its merits.

## III. CONCLUSION

For the foregoing reasons, the court will deny the petition for writ of habeas corpus. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 9/16/26
25-2432-01